IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOYDETH ROBINSON, | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | NO. 4:22-CV-958-O |
| | § | (NO. 4:19-CR-269-O) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

**OPINION AND ORDER**

Came on for consideration the motion of Joydeth Robinson, Movant, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. The Court, having considered the motion, the response, the record, and applicable authorities, concludes that the motion must be **DENIED**.

**I.    BACKGROUND**

The record in the underlying criminal case reflects the following:

On September 18, 2019, Movant was named in a two-count indictment charging her in each count with sexual exploitation of children, in violation of 18 U.S.C. § 2251(a) and (e). CR ECF No.[1] 22. Movant initially entered a plea of not guilty. CR ECF No. 26. On November 1, 2019, she entered a plea of guilty to count two of the indictment. CR ECF No. 29. Movant and her counsel signed a factual resume, setting forth the penalties Movant faced, the elements of the offense, and the stipulated facts establishing that Movant had committed the offense. CR ECF No. 31. They also signed a plea agreement reflecting that Movant agreed to plead guilty to count two of the indictment and the government agreed to dismiss the remaining count and not to bring

---

[1] The "CR ECF No. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-269-O.

additional charges against her based upon the conduct underlying and related to the plea. CR ECF No. 32. The plea agreement also set forth the penalties Movant faced, advised of the Court's sentencing discretion, and recited that Movant had thoroughly reviewed all legal and factual aspects of her case with her attorney and was fully satisfied with the representation provided to her. *Id.* At the rearraignment hearing, Movant testified under oath that: She understood that she should never depend or rely upon any statement or promise by anyone as to what penalty would be assessed against her and that her plea must not be induced or prompted by any promises, mental pressure, threats, force, or coercion; she had discussed with her attorney how the sentencing guidelines might apply in her case; the Court would not be bound by the stipulated facts and could take into account other facts; the guideline range could not be determined until the presentence report ("PSR") had been prepared; her term of imprisonment would be at least fifteen years and could be as much as thirty years; she understood the elements of the offense and she admitted that all of them existed; she had read and understood the indictment; she had read and understood the factual resume and plea agreement and understood everything in them and the legal effect of them; she was satisfied with her representation; she voluntarily entered into the plea agreement; no threats or promises had been made to induce her to plead guilty; and, the stipulated facts in the factual resume were true. CR ECF No. 65.

      The probation officer prepared the PSR, which reflected that Movant's base offense level was 32. CR ECF No. 35, ¶ 42. She received a four-level enhancement because the victim was less than twelve years of age, *id.* ¶ 43, and three two-level enhancements for sexual contact, *id.* ¶ 44, knowingly engaging in distribution, *id.* ¶ 45, and being the parent of the victim. *Id.* ¶ 46. She also received a multiple count adjustment. *Id.* ¶ 62. And, she received a chapter 4 enhancement. *Id.*

¶ 64. She received a two-level and a one-level adjustment for acceptance of responsibility. *Id.* ¶¶ 65, 66. Based on a total offense level of 43 and a criminal history category of I, her guideline imprisonment range was life; however, the statutorily-authorized maximum was thirty years, so the guideline term became 360 months. *Id.* ¶ 100. Movant filed objections, CR ECF No. 37, and the probation officer prepared an addendum to the PSR. CR ECF No. 41.

The Court sentenced Movant to a term of imprisonment of 360 months. CR ECF No. 57. She appealed. CR ECF No. 62. The United States Court of Appeals for the Fifth Circuit affirmed the judgment. *United States v. Robinson*, 839 F. App'x 936 (5th Cir. 2021). Her petition for writ of certiorari was denied. *Robinson v. United States*, 142 S. Ct. 363 (2021).

## II.   GROUNDS OF THE MOTION

Movant asserts three grounds, all alleging that she received ineffective assistance of counsel. First, counsel was ineffective in failing to advise her that the government "never had in evidence any images produced by [her]." ECF No.[2] 1 at 7. Second, counsel was ineffective in failing to advise her that 18 U.S.C. § 2551(a) could not apply to her conduct under the Constitution. *Id.* And, third, counsel was ineffective in failing to advise her that the State of Texas was prohibited by the Supremacy Clause from enforcing State regulations in the field of child pornography. *Id.*

## III.  APPLICABLE LEGAL STANDARDS

### A.   28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. *United States v. Frady*, 456 U.S. 152, 164-165 (1982); *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can

---

[2] The "ECF No. __" reference is to the number of the item on the docket in this civil action.

challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. *Shaid*, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. *Davis v. United States*, 417 U.S. 333, 345 (1974); *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." *Moore v. United States*, 598 F.2d 439, 441 (5th Cir. 1979) (citing *Buckelew v. United States*, 575 F.2d 515, 517-18 (5th Cir. 1978)).

### B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Missouri v. Frye*, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697; *see also United States v. Stewart*, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just

4

conceivable," *Harrington v. Richter*, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Cullen v. Pinholster*, 563 U.S. 170, 189 (2011) (quoting *Strickland*, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the *Strickland* test. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000).

## IV. ANALYSIS

In support of her first ground, Movant alleges that counsel was constitutionally ineffective for failing to explain that the government was required to present in evidence the actual picture that she was alleged to be guilty of producing. ECF No. 1 at 11.[3] She argues that all the government had were images produced by another individual, Tyrone Taylor, and there is no evidence that Movant was responsible for producing images. *Id.* She concludes that there is "more than a reasonable likelihood" that, had counsel explained this, she "would have more than likely chosen a trial" than pleading guilty. *Id.* at 13. In support of her second ground, Movant alleges that there is no evidence she knew that the images would be transmitted. *Id.* at 17.

These grounds were waived by Movant's knowing and voluntary guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *United States v. Bell*, 966 F.2d 914, 915 (5th Cir. 1992). Her conclusory allegation that her plea was not knowing, ECF No. 1 at 11, is belied by the record. Movant acknowledged the elements of the offense and that she had committed each of the

---

[3] The page reference is to the "Page __ of 27" reflected at the top right portion of the document on the Court's electronic filing system.

elements. CR ECF Nos. 31, 32, 65. Movant testified under oath, as reflected above, that she was fully satisfied with her counsel and the representation provided her; she had read, understood, and discussed with his counsel the plea agreement and factual resume; she understood the essential elements of the offense to which she was pleading guilty and had committed all of them; she understood the punishment she faced and had no questions regarding same; no one had coerced or threatened her to plead guilty; and the stipulated facts in the factual resume were true and correct. CR ECF No. 65. Movant's solemn declarations in open court are entitled to a presumption of verity. *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). The plea agreement and factual resume signed by Movant are likewise accorded great evidentiary weight. *Hobbs v. Blackburn*, 752 F.2d 1079, 1081 (5th Cir. 1985). Her testimony and the clear terms of the plea agreement and factual resume refute the allegations that she received ineffective assistance as alleged. *See United States v. Cervantes*, 132 F.3d 1106, 1111 (5th Cir. 1998). As the Court found, Movant's plea was knowing and voluntary and made with full knowledge of the consequences.

Movant's third ground—that the State of Texas is preemepted from regulating child pornography—is patently meritless. Moreover, as the government notes, the record does not reflect that Movant's conduct was even investigated by the State of Texas. ECF No. 9 at 13 (citing CR ECF No. 35, ¶ 7). Counsel cannot have been ineffective in failing to raise frivolous objections. *United States v. Gaudet*, 81 F.3d 585, 591 (5th Cir. 1996). This ground was also waived by Movant's guilty plea. *Tollett*, 411 U.S. at 267; *Bell*, 966 F.2d at 915.

Finally, with regard to each of her grounds, Movant has offered nothing more than her conclusory *post hoc* allegation that, had certain information been provided, she would not have

6

pleaded guilty but gone to trial. A court will not upset a plea based on such assertions. *Lee v. United States*, 137 S. Ct. 1958, 1967 (2017).

## V.     CONCLUSION

For the reasons discussed, the motion under § 2255 is **DENIED**.

Further, pursuant to 28 U.S.C. § 2253(c), for the reasons discussed herein, a certificate of appealability is **DENIED**.

**SO ORDERED** on this 19th day of January, 2023.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**